UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAL AHMMAD,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, Warden, California City Correctional Center; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security, PAMELA BONDI, Attorney General of the United States, acting in their official capacities,<br><br>Respondents. | No. 1:26-cv-01367-KES-SKO (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Kamal Ahmmad is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has previously addressed the legal issues raised by claims two and four of the petition. *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-cv-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

1    The Court set a briefing schedule on the petition and ordered respondents to show cause as
2  to whether there are any factual or legal issues in this case that distinguish it from the Court's
3  prior orders and that would justify denying the petition.  Doc. 7.  Respondents state that they "are
4  unaware of any substantively distinguishable facts or law between this case and the cases listed in
5  the Court's minute order."  Doc. 7 at 2.  While respondents oppose the petition, they do not raise
6  any new arguments.[1]  *See id.* at 1–2.

7    As respondents have not made any new legal arguments and have not identified any
8  factual or legal issues in this case that would distinguish it from the Court's prior decisions in
9  *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal.
10 Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302
11 (E.D. Cal. Jan. 12, 2026), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL
12 3236521 (E.D. Cal. Nov. 19, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC),
13 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *Marina V.N. v. Robbins*, No. 1:25-cv-01845-
14 KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas
15 corpus is GRANTED as to claims two and four, for the reasons addressed in those prior orders.[2]
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /

---

[1] Two courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have resided in the United States without having been admitted.  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)).  Respondents cite to the *Buenrostro-Mendez* decision.  Doc. 9 at 1.  The Court finds the analysis in *Castañon-Nava* and in the dissent in *Buenrostro-Mendez* to be more persuasive on the statutory interpretation issue.  In any event, the *Buenrostro-Mendez* decision did not address the due process claim at issue in the present case.

[2] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claims two and four.

Respondents are ORDERED to release petitioner immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   February 19, 2026

UNITED STATES DISTRICT JUDGE